UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYMOND CYR,

                              Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                              Defendant.

CASE NO. C17-0342-RSL-MAT

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY
APPEAL

Plaintiff Raymond Cyr proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1962.[1]  He graduated from high school and has some

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

vocational technical training and community college education, and previously worked as an insulation installer, prep cook, sales representative, auto detailer, driver and janitor.  (AR 67, 237, 972, 1009.)

Plaintiff applied for SSI and DIB in July 2012, alleging disability beginning August 10, 2009.[2]  (AR 203-10.)  His applications were denied at the initial level and on reconsideration, and he timely requested a hearing.  (AR 129-37, 140-53.)

On August 26, 2013, ALJ Kimberly Boyce held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 37-74.)  On November 4, 2013, the ALJ issued a decision finding Plaintiff not disabled.  (AR 20-32.)

Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on January 15, 2015 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court, which granted the parties' stipulation to reverse the ALJ's decision and remand for further proceedings.  (AR 1046-47.)

On remand, the ALJ held a second hearing on February 22, 2016, and took testimony from Plaintiff and a VE.  (AR 965-1017.)  On June 8, 2016, the ALJ found Plaintiff not disabled.  (AR 945-58.)  The Appeals Council found no reason to assume jurisdiction (AR 935-41), and Plaintiff now seeks judicial review.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining

---

[2] Plaintiff amended his alleged onset date to July 17, 2012.  (AR 40-41.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had worked after the alleged onset date, but the work activity did not rise to the level of substantial gainful activity.  (AR 948.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's degenerative disk disease, mild degenerative joint disease of the right shoulder, restricted range of motion with numbness of the right thumb, and ulnar sensory neuropathy.  (AR 948-50.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 950-51.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with additional limitations.  He could stand/walk and sit for six hours each, in an eight-hour workday (with normal breaks every two hours).  He can never climb ladders, ropes, or scaffolds, or work at unprotected heights or in proximity to hazards.  He can occasionally climb, stoop, crouch, and crawl.  He can frequently finger with the right hand, and frequently perform work without concentrated exposure to extreme cold, vibrations, or hazards.  He can perform work that does not require cooperative effort with co-workers and that requires or permits working independently.  (AR 951.)  With that assessment, the ALJ found Plaintiff able to perform his past relevant work as an automobile sales clerk, as generally performed.  (AR 956.)

The ALJ also proceeded in the alternative to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 3

an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as cashier, barista, toll collector, and table cover folder. (AR 956-57.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred at step two in assessing his personality disorder and affective disorder; erred in assessing several medical opinions; and that the ALJ's vocational hypothetical failed to include all of Plaintiff's limitations. He asks that the ALJ's decision be reversed and his claim remanded for an award of benefits or, in the alternative, for further proceedings. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Step two</u>

Plaintiff argues that the ALJ erred in assessing his personality and affective disorders at step two. At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 4

"An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*. A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

Plaintiff argues that his personality disorder should have been found medically determinable because it was diagnosed by examining psychologist Owen Bargreen, Psy.D. (*See* AR 386.) Plaintiff also argues that the ALJ erred in finding his affective disorder not severe, because there is evidence in the record that could support different findings with regard to the psychiatric review technique. Specifically, Plaintiff challenges the ALJ's finding that his limitations as to social functioning and concentration/persistence/pace were no more than mild. (*See* AR 949-50.)

Although the Commissioner contends that any errors at step two are harmless, because this case should be remanded on other grounds explained *supra*, the ALJ should reconsider the step-two findings at that time, particularly the personality disorder diagnosis rendered by Dr. Bargreen. The Commissioner emphasizes Dr. Bargreen's opinion that Plaintiff's mental health problems would not prevent him from working (Dkt. 19 at 3-4), but this vocational opinion is outside Dr. Bargreen's expertise. Moreover, the ALJ must consider all limitations caused by Plaintiff's medically determinable impairments, even if they are not severe. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e). The ALJ should reconsider the step-two findings on remand.

<u>Medical opinions</u>

Plaintiff challenges the ALJ's assessment of opinions provided by Dr. Bargreen; State agency reviewing psychologist John Gilbert, Ph.D.; examining psychologist Steven Johansen, Ph.D.; examining physician Gary Gaffield, D.O.; examining physician Robert Sussman, M.D.; and Carolyn Cole, NP.

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

A.    <u>Dr. Bargreen</u>

The ALJ discounted the social limitations indicated by Dr. Bargreen in light of Plaintiff's range of activities, which were more extensive than he described to Dr. Bargreen. (AR 949.) The ALJ also noted that although Dr. Bargreen rated Plaintiff's Global Assessment of Functioning (GAF) score as 55, this score accounted for factors such as family problems and problems with

1    employment, which do not necessarily bear on Plaintiff's ability to work.  (AR 949 (referencing

2    AR 386).)

3            Plaintiff argues that his school activities and job applications do not demonstrate intact

4    social functioning, because he had interpersonal troubles at school and repeatedly lost jobs.  Dkt.

5    18 at 15.  Plaintiff also argues that because Dr. Bargreen was an expert in Social Security disability

6    evaluation, per the regulations, the ALJ should not have questioned whether he knew how to

7    evaluate Plaintiff's GAF.  *Id.* (citing 20 C.F.R. § 404.1527(e)(2)(i)).

8            Plaintiff overlooks the purpose for which the ALJ cited his activities: the ALJ noted that

9    Dr. Bargreen was under the impression that Plaintiff "generally avoids contact with others" (AR

10   387), yet the record showed that he attended school, used public transportation, fixed his

11   neighbors' computers, and applied for sales positions.  (AR 949.)  These activities demonstrate

12   that he does not avoid contact with others to the degree described by Dr. Bargreen.  The ALJ

13   reasonably found these activities to be inconsistent with the isolation described to Dr. Bargreen.

14   (AR 949 "[Plaintiff's] activities are generally contrary to his portrayal of himself as isolative and

15   avoidant in his evaluation by Dr. Bargreen, leaving a false diagnostic picture.").)  The ALJ did not

16   err in discounting Dr. Bargreen's opinion as inconsistent with Plaintiff's activities.  *See Rollins v.*

17   *Massnari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's

18   opinion that was inconsistent with the claimant's level of activity).

19           Furthermore, Dr. Bargreen is not a State agency consultant, contrary to Plaintiff's argument

20   that the ALJ should have deferred to his judgment per the regulations.  He is a clinical psychologist

21   who apparently performed a consultative examination for DSHS.  (AR 383.)  The regulation relied

22   upon by Plaintiff addresses non-examining sources.  *See* 20 C.F.R. § 404.1527(e)(2)(i).  In any

23   event, the ALJ is "the final arbiter with respect to resolving ambiguities in the medical evidence."

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

B.   Dr. Gilbert

Dr. Gilbert reviewed Plaintiff's record in 2013 and opined that he could perform simple, repetitive tasks as well as more detailed tasks, with a moderate limitation in concentration, persistence, and pace (CPP).  (AR 124.)  The ALJ gave minimal weight to this opinion, because in records not reviewed by Dr. Gilbert, Plaintiff reported spending 3-4 hours a day watching television or perusing the Internet, succeeding in his college coursework, and teaching himself how to repair computers.  (AR 950.)  The ALJ also discounted the moderate CPP limitation on the grounds that it was not discussed in detail in the State agency opinion, and because Dr. Johansen examined Plaintiff and did not indicate any CPP limitations. (AR 949.)

Plaintiff argues that the ALJ erred in relying on the timing of Dr. Gilbert's opinion to discount it, because the ALJ relied on Dr. Johansen's opinion, which was written earlier, in 2012.  Dkt. 18 at 16.  Plaintiff misses the ALJ's point: the ALJ noted that Dr. Gilbert did not have the opportunity to review Dr. Johansen's opinion, because it was not made part of the record until after his review (even though it was written earlier).  Dr. Gilbert's inability to review the entire record is a legitimate reason to discount his opinion.

Furthermore, although Plaintiff identifies many symptoms described in the State agency opinion, none of those pertain to CPP.  Dkt. 18 at 16 (referencing notations related to anger, maladaptive personality traits, anxiety, problems with housing, anger, inconsistent mental status examination responses).  Plaintiff has not shown that the ALJ erred in finding the State agency opinion regarding CPP to be unexplained, or in discounting the opinion on that basis.

C.   Dr. Johansen

The ALJ gave significant weight to Dr. Johansen's DSHS form opinion.  (AR 948-49.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8

Plaintiff argues that Dr. Johansen's opinion was internally inconsistent and should have been discounted, because he indicated that Plaintiff had a "moderate" (defined as "significant") limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual, yet opined that Plaintiff's mental health "does not appear to significantly impede employability at this time." *Compare* AR 1275 *with* AR 1276.

Dr. Johansen's opinion is not internally inconsistent: he rated Plaintiff's functioning in a variety of areas, finding his deficits to be mild or non-existent in most categories, and "moderate" in one category. (AR 1275.) Dr. Johansen concluded that this one moderate limitation did not significantly impede Plaintiff's overall employability. (AR 1276.) Plaintiff's argument that these portions of Dr. Johansen's opinion cannot be reconciled is not persuasive. Dkt. 18 at 17-19.

Furthermore, the ALJ noted that Dr. Johansen did not explain the basis for the moderate limitation, but his interview notes referenced Plaintiff's attendance problems at past jobs. (AR 949 (referencing AR 1273).) The ALJ found that Plaintiff's attendance problems coincided with his period of cocaine use. (AR 949.) Plaintiff reported to Dr. Johansen that he had stopped using cocaine six months before his evaluation. (AR 1274.) Whatever the basis for Dr. Johansen's opinion regarding a moderate limitation, it was unexplained, and the ALJ did not err in discounting the unexplained checkbox limitation, particularly because Dr. Johansen indicated that it would not impede employability in any event. *See Crane v. Shalala*, 76 F.3d 252, 253 (9th Cir. 1996) (ALJ permissibly rejected three psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions").

D.    Dr. Gaffield

The ALJ gave significant weight to most of Dr. Gaffield's opinion. (AR 27-28, 955.) The ALJ noted that the Appeals Council had not directed her to reconsider Dr. Gaffield's opinion, and

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 9

1   thus she incorporated her prior discussion and assessment by reference.  (AR 955.)

2       Dr. Gaffield found that Plaintiff had restricted motion of the right thumb, and opined that

3   he could perform manipulative activities "frequently, limited by the restricted motion of his right

4   thumb."  (AR 295.)  Plaintiff notes that the ALJ's RFC assessment limits his right hand to frequent

5   fingering, but places no limit on other manipulative activities, such as reaching, handling, and

6   feeling.  Dkt. 18 at 19-21.

7       The Commissioner contends that this error is harmless, because the job relied upon at step

8   four, and two of the jobs relied upon at step five, do not require more than frequent reaching,

9   handling, or fingering.  Dkt. 19 at 11-12.  On reply, Plaintiff notes that one of the jobs identified

10  at step five requires constant manipulative activities (Dkt. 20 at 7), but this does not establish the

11  harmfulness of the ALJ's error.  Plaintiff does not dispute that the step-four job does not require

12  more than frequent manipulative activities, and neither do at least two step-five jobs, which exist

13  in significant numbers.  *See* Dkt. 19 at 11-12.  Accordingly, the ALJ's error in failing to fully

14  account for Dr. Gaffield's opinion is harmless.

15      Because, however, this case should be remanded, for reasons explained *infra*, the ALJ

16  should fully account for Dr. Gaffield's opinion when formulating the RFC assessment on remand.

17  E.    Dr. Sussman

18      Dr. Sussman assessed Plaintiff's shoulder and arm conditions for purposes of his U.S.

19  Department of Veterans' Affairs (VA) disability benefits application.  (AR 597.)  He indicated that

20  Plaintiff had "decreased capacity for repetitive overhead use and lifting with right arm."  (*Id*.)

21      The ALJ noted that the Appeals Council had not disturbed her findings regarding the VA

22  disability determination, and incorporated her findings in the prior decision by reference.  (AR

23  956.)  In the prior decision, the ALJ assigned only some weight to Dr. Sussman's opinion, finding

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 10

that Dr. Sussman had failed to describe Plaintiff's limitations in terms of an RFC, and his normal objective findings "do not indicate disability." (AR 28-29.) The ALJ also found that Dr. Sussman's opinion as to limitations was based on Plaintiff's subjective self-report. (AR 28-29.) Indeed, Dr. Sussman repeatedly indicated that there was no objective evidence of painful motion related to Plaintiff's right shoulder. (AR 597.)

Plaintiff argues that the ALJ failed to consider or mention Dr. Sussman's opinion in the second decision. This is not error, however, because the ALJ incorporated her earlier findings by reference. *See, e.g.*, *Conejo v. Colvin*, 2014 WL 4264945, at *9 (C.D. Cal. Aug. 27, 2014) ("Generally, it is not improper for an ALJ to incorporate a previous decision and supplement it with a subsequent decision."); *Mason v. Astrue*, 2008 WL 4382662, at *2 (C.D. Cal. Sep. 11, 2008) ("Contrary to Plaintiff's assertion, there is nothing *per se* improper about incorporating prior administrative decisions by reference.").

Plaintiff goes on to challenge the ALJ's reasoning in the prior decision, arguing that Dr. Sussman did in fact render a specific RFC, because he described a limitation on repetitive overhead use and lifting. Dkt. 18 at 22. But, as noted by the ALJ, Dr. Sussman did not rate this limitation or describe the most that Plaintiff can do, which is the definition of RFC. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (RFC "is the most you can still do despite your limitations."). The ALJ did not err in characterizing Dr. Sussman's opinion as failing to describe an RFC.

Plaintiff also cites various objective findings that he posits support Dr. Sussman's opinion. Dkt. 18 at 22. The evidence cited by Plaintiff supports the existence of arthritis (AR 592-96), but does not directly establish the existence of pain; Dr. Sussman himself stated that there is no objective evidence of painful motion (AR 597). The ALJ did not err in discounting an opinion based on reliance on self-report rather than objective evidence, where the ALJ discounted

1    Plaintiff's self-report and Plaintiff does not challenge that finding.  *See Bray v. Comm'r of Social*

2    *Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

3    F.    <u>Ms. Cole</u>

4            Ms. Cole prescribed a cane for Plaintiff in March 2013.  (AR 429.)  The ALJ's RFC

5    assessment does not mention the use of a cane, but counsel asked the VE whether an employee

6    can use a cane during employment, and the VE answered affirmatively, citing the requirements of

7    the Americans with Disabilities Act.  (AR 1014-15.)  The ALJ referenced that testimony in the

8    decision, indicating that even if Plaintiff required the use of a cane, he would be permitted to use

9    it in the workplace.  (AR 957.)

10           Plaintiff's discussion of Ms. Cole's opinion addresses neither the VE testimony, nor the

11   ALJ's finding that he could perform work despite using a cane. Dkt. 18 at 23.  It appears that the

12   ALJ's decision therefore accounts for Ms. Cole's treatment recommendation, and indicates, based

13   on the VE's testimony, that even if a cane was medically necessary, it would not preclude work.

14   Plaintiff has not established harmful error in that finding.

15           Because this case should be remanded, however, the ALJ should specifically address

16   Plaintiff's need for a cane when assessing his RFC on remand, and either include that requirement

17   in the RFC assessment or provide legally sufficient reasons to explain why Ms. Cole's prescription

18   for a cane is rejected.

19                                    <u>RFC and VE hypothetical</u>

20           Plaintiff notes that the ALJ's written RFC assessment includes a restriction that he can

21   perform "work that does not require cooperative effort with co-workers and that requires or permits

22   working independently"  (AR 951), but that the ALJ failed to include this limitation in the VE

23   hypothetical.  (*See* AR 1009-10.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 12

The Commissioner overlooks this argument and provides no response.  Dkt. 19 at 14-15. Plaintiff identified this lack of response in his reply.  Dkt. 20 at 1-3.

The ALJ erred in failing to include all of Plaintiff's limitations in the VE hypothetical. *Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001) ("Hypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.'  If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value." (quoting *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1278, 1279 (9th Cir. 1987))).  This error is harmful, because there is no evidence in the record addressing whether the jobs identified at steps four and five are consistent with the entirety of the ALJ's written RFC assessment.

This error should be remedied by a remand for further proceedings, to allow the ALJ to pose a complete hypothetical to a VE.  Because further proceedings would serve a useful purpose, a remand for a finding of disability is inappropriate.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

<u>CONCLUSION</u>

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further proceedings.

<u>DEADLINE FOR OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 13

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 27, 2017**.

DATED this 6th day of October, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 14